IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| LAWRENCE, STANLEY JAY | ) | Case No. 15-12373-7 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| LINDA S. PARKS, TRUSTEE | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | Adversary No. |
| | ) | |
| DIAN L. LAWRENCE | ) | |
| STANLEY JAY LAWRENCE | ) | |
| MOBILE MANOR, INC. | ) | |
| | ) | |
| Defendants. | ) | |

### TRUSTEE'S AMENDED COMPLAINT PURSUANT TO 11 U.S.C. §544, §547 AND §548 TO AVOID AND RECOVER TRANSFER

COMES NOW Linda S. Parks, Trustee of the above-captioned bankruptcy estate, by and through her attorney Scott M. Hill of Hite, Fanning & Honeyman L.L.P, and for her complaint against Defendants, Dian L. Lawrence, Stanley J. Lawrence and Mobile Manor, Inc., states and alleges as follows:

**Jurisdiction and Parties**

1. This Court has jurisdiction over the subject matter and the parties hereto pursuant to 28 U.S.C. § 157(b)(2)(H), 11 U.S.C. §§ 542, 544, 547, 548, Fed. R. Bankr. P. 7001, and LBR D.Kan. 1001-1 *et seq.* This is a core proceeding.

2. The Debtor filed a petition for relief under Chapter 7 of title 11, 11 U.S.C. § 101, *et seq.*, on November 2, 2015, and the 11 U.S.C. § 341 Creditors' Meeting was held and concluded on December 1, 2015, at 10:00 a.m.

3.      Linda S. Parks is the duly appointed and acting Trustee of Debtor's bankruptcy estate.

4.      Defendant, Dian L. Lawrence, ("Wife"), is an individual and can be served with process at 15616 E. Lynnwood St., Wichita, KS 67230.  She is also the spouse of the Debtor, Stanley Jay Lawrence, and is an "insider" as that term is defined in 11 U.S.C. § 101(31).

5.      Defendant/Debtor, Stanley Jay Lawrence, ("Debtor"), is an individual and can be served with process at 15616 E. Lynnwood St., Wichita, KS 67230 and by serving his attorney, William H. Zimmerman, Jr., 229 E. William, Suite 100, Wichita, KS 67202.

6.      Defendant, Mobile Manor, Inc., ("Mobile Manor"), is a corporation which can be served with process by serving its resident agent, B.A. Ruedebusch, 3200 Southeast Blvd., Wichita, KS 67204.

7.      Mobile Manor is an entity owned by Richard and/or Joanne Peckman, who were long-term friends of Debtor and Wife.

8.      Wife was an employee of Mobile Manor until 2015, when she was terminated. The same year she was terminated, she and Mobile Manor entered into a release agreement in which she agreed to reimburse her former employers for credit cards charges used to build and furnish the house she and Debtor owned and built and in which they both lived..

**The Transfer of Bare Legal Title**

9.      Prior to 2010, Debtor and Wife jointly owned a home in the Rocky Creek area of Wichita, Kansas (the "Rocky Creek Home").  In approximately 2010, Debtor and Wife sold the Rocky Creek Home and purchased a vacant lot on which to build a home (the "Property").  Debtor and Wife used the proceeds of the jointly-owned Rocky Creek Home to purchase the Property.

2

10.     Debtor deeded bare legal title of his interest in the Property to Wife shortly after the two of them purchased the Property.  There was no consideration given.  Despite his deed of his interest in the Property, for the next 7-8 years Debtor continued to work on and live in and exercise control over and grant a mortgage on the Property.

**Debtors' Continued Exercise of Ownership over his Home During its Construction**

11.     After purchasing the Property and deeding the bare legal title to Wife, Debtor and Wife used the remaining proceeds from the sale of their jointly-owned Rocky Creek Home to build their home on the Property.

12.     Debtor, who is a builder/contractor by trade, personally hired and supervised subcontractors and personally performed much of the construction on the house.  All those who worked on the home knew it as Debtor's home and none were told he did not own the home.

13.     Debtor and Wife completed construction of the house on the Property sometime during the summer of 2011 and have lived there together continuously.

**The Funds from Wife's Employer**

14.     When the proceeds from the sale of the Rocky Creek Home were exhausted, Debtor and Wife utilized Home Depot and Lowe's credit cards that were held in the name of Mobile Manor to fund the rest of the construction and to furnish the house on the Property.

15.     Even after the home was completed and furnished, Debtor and Wife continued using the credit of Mobile Manor for their joint personal benefit.  Debtor knew or should have known of the use of Mobile Manor funds.

16.      Debtor and Wife charged more than $185,000 to Mobile Manor to fund the construction, furnishing and improvement of the house and for other personal expenses.

3

Case 17-05082    Doc# 2    Filed 06/29/17    Page 3 of 10

**Mobile Manor Insists on Repayment**

17. In 2015, Mobile Manor fired Wife. Mobile Manor and Wife then entered into a release agreement in which Wife agreed to pay Mobile Manor $184,135.44 in exchange for a release of its claim against her for the unauthorized charges.

18. To fund wife's release agreement, on August 11, 2015, Wife and Debtor jointly acquired a mortgage loan from Vintage Bank in the sum of $190,000.00 (the "Note"). The Note was secured by the Property and the house located thereon, legally described as Lot 33, Block 3, Belle Terre South, an Addition to Wichita, Sedgwick County, Kansas, and more commonly known as 15616 E. Lynnwood St., Wichita, KS 67230 (the "Mortgage"). Debtor signed both the Note and Mortgage.

19. On August 17, 2015, Wife deposited a total of $184,135.44 in to her Vintage Bank Kansas checking account ending in 0317, which were the proceeds of the Note.

20. On August 17, 2015, Debtor and Wife paid $182,520.22 to Mobile Manor to repay Mobile Manor for charges Debtor and Wife had made to Mobile Manor for their joint benefit.

**Failure to Disclose the Property on Bankruptcy Schedules**

21. Debtor does not disclose ownership of any interest in any Real Estate in his Bankruptcy schedules. He does not disclose the Property and does not claim the Property as exempt under Schedule C. Debtor does identify the Property as "homestead" on Schedule D where he identifies Vintage Bank Kansas as a secured creditor.

**COUNT I: FRAUDULENT CONVEYANCE FOR THE BENEFIT OF THE WIFE, WHO IS AN INSIDER**

22. Plaintiff incorporates paragraphs 1-21 as if fully set forth herein.

23. On August 17, 2015, Wife entered into a settlement agreement with Mobile Manor in which she agreed to pay Mobil Manor $182,520.22 in exchange for a release of its claims against her for "that indebtedness generated by Dian Lawrence during her tenure as an employee of Mobile Manor, Inc."

24. In order to fund Wife's payment and to quickly satisfy her liability to her former employer, Debtor and his wife jointly borrowed $190,000 in August of 2015. At that time, Debtor was insolvent.

25. Debtor's transfer of the $182,520.22 proceeds to Wife, who then transferred the money to Mobile Manor, was a fraudulent transfer to benefit his Wife, an insider.

26. The transfer described above is a fraudulent conveyance pursuant to 11 U.S.C. § 548, as such transfer was made with an actual intent to hinder, delay or defraud Debtor's creditors and/or without the exchange of reasonably equivalent value, at a time when the Debtor was insolvent, and the transfer was made to or for the benefit of Wife, as an insider. Said transfer is subject to recovery pursuant to 11 U.S.C. § 550.

27. The transfer described above is a fraudulent conveyance pursuant to K.S.A. 33-204 and 33-205, as such transfer was made with an actual intent to hinder, delay or defraud Debtor's creditors and/or without the exchange of reasonably equivalent value.

28. With respect to the above transfer, the following badges of fraud, among others, are applicable and are to be considered in determining actual intent:

    a. The transfer was to or for the benefit of an insider;

    b. The transfer was concealed from the Debtor's creditors;

    c. The Debtor was insolvent at the time of the transfer; and

5

Case 17-05082    Doc# 2    Filed 06/29/17    Page 5 of 10

        d.       The transfer was part of a scheme to transfer assets to avoid bankruptcy creditors.

WHEREFORE, the Trustee prays that the Court find that debtor's transfer of $182,520.22 to Wife who then transferred it to Mobile Manor is a fraudulent transfer that benefited Wife, and that therefore, pursuant to Kansas law, it is recoverable by the Trustee from Wife pursuant to 11 U.S.C. § 544(b) and 11 U.S.C. § 548(a)(1)(B), that Wife be ordered to deliver said transferred property to the Trustee, and for such other and further relief as the Court deems just and equitable.

### COUNT II: PREFERENCE FOR PAYMENT OF A JOINT DEBT TO MOBILE MANOR

29.    Plaintiff incorporates paragraphs 1-28 as if fully set forth herein.

30.    Prior to obtaining the Mortgage loan from Vintage Bank Kansas, Debtor and Wife completed a Residential Loan Application with Vintage Bank Kansas. In that Application, Debtor and Wife described a joint unsecured personal loan obligation in the amount of $185,000.

31.    Debtor testified at an examination conducted pursuant to Fed. R. Bankr. P. 2004 on January 14, 2016, that the Mortgage loan from Vintage Bank Kansas was used to pay back an unsecured personal loan from "a friend." He later identified the friend as Mobile Manor. Debtor testified that the debt to Mobile Manor was incurred over a period of time from 2011 to 2015, and was used for the construction of a house on the Property, and for other obligations following the completion of construction of the house on the Property.

32.    The payment of $182,520.22 to Mobile Manor to retire the joint personal debt of Wife and Debtor occurred within 90 days of Debtor's bankruptcy filing. The payment enabled Mobile Manor to receive more than it would had the transfer not been made. The transfer constitutes a preference to Mobile Manor.

6

Case 17-05082    Doc# 2    Filed 06/29/17    Page 6 of 10

33. Debtor was insolvent at the time of the transfer and there was no contemporaneous exchange of value.

34. Pursuant to 11 U.S.C. §547(b), the above described preferred transfers should be paid over to the Trustee.

WHEREFORE, the Trustee prays that the Court find that the transfer of $182,520.22 to Mobile Manor, from proceeds of the jointly obtained Mortgage loan from Vintage Bank Kansas, is a preference to Mobile Manor, recoverable under 11 U.S.C. §547(b), that Mobile Manor be ordered to deliver said transferred property to the Trustee, and for such other and further relief as the Court deems just and equitable.

**COUNT III: PREFERENCE TO WIFE IN PAYING OFF THE DEBT OF AN INSIDER**

35. Plaintiff incorporates paragraphs 1-34 as if fully set forth herein.

36. Prior to obtaining the Mortgage loan from Vintage Bank Kansas, Debtor and Wife completed a Residential Loan Application with Vintage Bank Kansas. In that Application, Debtor and Wife described a joint unsecured personal loan obligation in the amount of $185,000. Upon information and belief, the amount owed to Mobile Manor was either owed entirely by Wife to Mobile Manor, or owed jointly and severally by Wife and Debtor to Mobile Manor.

37. Debtor testified at an examination conducted pursuant to Fed. R. Bankr. P. 2004 on January 14, 2016. Debtor testified that the Mortgage loan from Vintage Bank Kansas was used to pay back a personal loan from a friend (later described as Mobile Manor), which debt was incurred over a period of time from 2011 to 2015, and which was incurred for the construction of a house on the Property, and for other obligations following the completion of construction of the house on the Property.

7

Case 17-05082    Doc# 2    Filed 06/29/17    Page 7 of 10

38. Neither Mobile Manor, nor any other creditor, held a lien on Debtor and Wife's home, prior to the above described Mortgage loan transaction with Vintage Bank Kansas.

39. The payment of $182,520.22 to Mobile Manor occurred within 90 days of Debtor's bankruptcy filing. The payment relieved Wife's obligation to repay Mobile Manor, thereby conveying a benefit to Wife (an insider) in an amount greater than would have been received had the transfer not been made. Such transfer constitutes a preference to Wife.

40. Debtor was insolvent at the time of the transfer.

41. Pursuant to 11 U.S.C. §547(b), the above described preferred transfers should be paid over to the Trustee.

WHEREFORE, the Trustee prays that the Court find that Debtor's transfer of $182,520.22 to Mobile Manor, from proceeds of the Mortgage loan from Vintage Bank Kansas, is a preference to Wife, recoverable under 11 U.S.C. §547(b), that Wife be ordered to deliver said transferred property to the Trustee, and for such other and further relief as the Court deems just and equitable.

## COUNT IV: CLAIM IN EQUITY AGAINST WIFE

42. Plaintiff incorporates paragraphs 1-41 as if fully set forth herein.

43. Debtor's 2010 conveyance to Wife of Debtor's title to the Property was a conveyance of bare legal title only, and Debtor retained an equal equitable interest in the Property as Wife.

44. Debtor's equitable interest in the Property is equal to that of Wife's, as a result of Debtor's investment of proceeds from the sale of the Rocky Creek Home to build and furnish the Property, Debtor's efforts at constructing the house on the Property, Debtor's continued use and

occupation and exercise of control over the Property, and Debtor's use of Mortgage loan proceeds secured by the Property to repay obligations owed by Wife related to construction of the Property.

45. Debtor and Wife's involvement in a fraudulent scheme, whereby Debtor conveyed legal title of the Property to Wife, Debtor and Wife conspired to and did steal money from Wife's employer by use of unauthorized charges on Mobile Manor's credit cards to construct the house on the Property, and the use of Mortgage loan proceeds by Debtor and Wife to pay back Mobile Manor for the fraudulent charges, are sufficient acts to permit the Court to compel the Property sold (by separate motion), pursuant to 11 U.S.C. §363(f)(1), with sale proceeds first applied and paying in full the lien of Vintage Bank Kansas, and the remaining funds share equally between Debtor's Bankruptcy estate and Wife, with the Bankruptcy estate having a lien on the Wife's share of such sale proceeds sufficient to cover any judgment rendered against Wife under Count I and III hereof.

WHEREFORE, the Trustee prays that the Court find that Debtor holds a one-half equitable interest in the Property, that a constructive trust be imposed upon Debtor's interest in the Property, that the Property be sold (by separate motion) pursuant to 11 U.S.C. §363(f)(1), with sale proceeds first applied and paying in full the lien of Vintage Bank Kansas, and the remaining funds share equally between Debtor's Bankruptcy estate and Wife, with the Bankruptcy estate having a lien on the Wife's share of such sale proceeds sufficient to cover any judgment rendered against Wife under Count I and III hereof, and for such other and further relief as the Court deems just and equitable.

Respectfully submitted,


/s/ Scott M. Hill
Scott M. Hill, #21166
HITE, FANNING & HONEYMAN L.L.P.
100 N. Broadway, Ste. 950
Wichita, KS 67202
Telephone: (316) 265-7741
Facsimile: (316) 267-7803
Email: hill@hitefanning.com
*Attorneys for Trustee*

10